Filed 8/10/21  Gaines v. City of Los Angeles CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| KEVIN GAINES,<br><br>          Petitioner and Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>          Respondents. | B305751<br><br>(Los Angeles County<br>Super. Ct. No. BS173813) |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Mary H. Strobel, Judge. Affirmed.

Stone Busailah, Michael P. Stone, Muna Busailah, and Robert Rabe, for Plaintiff and Appellant.

Micheal N. Feuer, City Attorney, Carlos De La Guerra, Managing Senior Assistant City Attorney, and Paul L. Winnemore, Deputy City Attorney, for Respondents.

———————————————

Petitioner and appellant Kevin Gaines appeals from a judgment denying a petition for writ of administrative mandamus in favor of respondents, the City of Los Angeles and Los Angeles Police Department (LAPD) Chief of Police Charles Beck, in this action based on the Public Safety Officers Procedural Bill of Rights Act (POBRA) (Gov. Code, § 3300 et seq.).[1] The trial court found a criminal investigation of Gaines' conduct was "pending" as of the date that the LAPD assigned a case number to the criminal complaint, tolling the one-year statute of limitations to bring administrative charges under section 3304, subdivision (d)(1).[2] On appeal, Gaines contends the criminal investigation was not pending until an internal memorandum requested consolidation of the investigations and tolling of the administrative case. Based on the facts in this case,

[1] All further statutory references are to the Government Code unless otherwise stated.

[2] The parties note that Los Angeles City Charter section 1076 provides a similar limitations period for administrative investigations, but that no different analysis is required.

2

we conclude substantial evidence supports the trial court's finding that the criminal investigation was pending under section 3304, subdivision (d)(1) as of the date that a complaint form number was assigned to the criminal matter. Therefore, the judgment is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On April 14, 2014, a citizen filed a complaint with the LAPD about the conduct of Gaines and his partner on the previous day. The Administrative Investigation Division – South Section (AID-South) of LAPD's Internal Affairs Group initiated an administrative investigation that day under the complaint form number (CF No.)14-000995. The matter was forwarded to LAPD's 77th Street Area division for adjudication on December 12, 2014.

In a letter dated November 14, 2014, the Los Angeles County District Attorney's Office provided the LAPD with a memorandum and evidence of criminal misconduct allegations against the same officers involving the same incident. The letter stated the materials were being forwarded "for investigation by your department." On November 25, 2014, the LAPD initiated CF No. 14-003455 to address the allegations of criminal misconduct.

Sergeant Peter Harris, who was an investigator in the Criminal Investigation Division – South Section (CID South), investigated CF No. 14-003455. Certain material was attached to the case file, including a video that was not formatted to play on his computer. Harris had to obtain the original data from the source of the video and convert it to another format in order to

3

view the video. He interviewed one of the victims of the officers' misconduct on December 22, 2014, as part of the criminal investigation.

The LAPD has a reference for "tolling concerns" which directs investigating officers as follows: "Prior to tolling an investigation, [investigating officers] shall complete an [intradepartmental correspondence] to their respective command outlining the rationale for tolling. [Investigating officers] shall document in their chronological log what investigative steps have been taken/delayed justifying the need to extend the statute. Tolling the case does not negate the [investigating officer's] responsibility to update the accused officer's commanding officer as required by the Department Manual." Nine circumstances involving tolling are listed on the reverse of the document, one of which is a pending criminal investigation.

On December 31, 2014, LAPD Captain Brian J. Thomas, who was the commanding officer of the Criminal Investigation Division (CID), sent an intradepartmental correspondence to a supervisor in the Internal Affairs Group. Thomas explained the initiation of the complaint forms and requested that CF No. 14-000995 and 14-003455 be consolidated and tolled. He stated that the investigation would be bifurcated, with CID-South responsible for the criminal investigation and AID-South would remain responsible for the administrative investigation. The adjudication of administrative investigation under complaint form number 14-000995 would be suspended pending completion of the criminal investigation under complaint form 14-003455. The request was approved by the Internal Affairs Group on January 7, 2015.

4

On June 3, 2015, Sergeant Harris presented the results of the criminal investigation to the District Attorney's Office for review in consideration of criminal filing. On July 7, 2015, Captain Thomas sent an intradepartmental correspondence to the Commanding Officer of the Internal Affairs Group. Captain Thomas stated that the administrative and criminal investigations "were consolidated and tolled on December 31, 2014." The results of the criminal investigation were under review by the District Attorney's Office. He stated that neither Sergeant Harris nor any person who had investigated the criminal matter were exposed to any compelled statements by the accused officers, and therefore, Captain Thomas recommended the entire consolidated case could be transferred from CID-South to AID-South. AID-South could review the entire case and conduct any additional investigation necessary. Adjudication of the consolidated case would remain suspended, however, until the District Attorney's Office made a filing decision.

On February 14, 2017, the District Attorney's Office notified the LAPD that criminal charges would not be filed against the officers. On June 9, 2017, which was 376 days after the investigation of the administrative complaint was opened, LAPD served Gaines with a notice of proposed disciplinary action. A board of rights hearing was conducted on January 22, 2018. Gaines was charged with 11 counts of misconduct to which he pled not guilty. Captain Thomas did not testify at the hearing. Sergeant Harris testified that he investigated CF No. 14-003455, although he did not testify about the date that he received the assignment or began the criminal investigation. The board of rights found Gaines guilty of eight counts of misconduct and recommended that he be removed from his position as a

5

police officer with the LAPD.  On March 8, 2018, Chief Beck executed an order removing Gaines from his position as an LAPD officer.

On June 6, 2018, Gaines filed a petition for a writ of mandate seeking to set aside the order discharging him from his position.  On September 17, 2018, he filed the operative amended petition for writ of mandate.  Among the arguments made, Gaines alleged that the administrative investigation was tolled only from the date of Captain Thomas' letter on December 31, 2014, to February 14, 2017, and therefore, the administrative investigation had exceeded the one-year statute of limitations for disciplinary actions set forth in section 3304, subdivision (d).

Gaines filed an opening brief.  He also filed a request to take judicial notice of provisions of the Los Angeles Charter and Administrative Code, as well as LAPD memorandum concerning investigation procedures.

Respondents filed an opposition on the ground that tolling began on November 25, 2014 when the complaint about criminal misconduct was received, not on the date that Captain Thomas subjectively declared tolling began.  Gaines filed a reply, in which he raised the argument for the first time that LAPD policy required a "tolling request" under the "Professional Standards Bureau Tolling Provisions," which must be approved by a supervisor.  He argued that Captain Thomas' December 31, 2014 tolling request constituted the LAPD's determination to expend resources on a separate investigation into possible criminal misconduct.

The trial court held hearings on September 17, 2019, and February 6, 2020.  The trial court granted the request for judicial notice to the extent the exhibits were not already part of the

6

record. The court found that the LAPD opened the criminal investigation on November 25, 2014. The court's finding was based on the December 31, 2014 letter and other circumstantial evidence, and therefore, tolling began on November 25, 2014. The court found the most reasonable interpretation was that the criminal investigation was initiated on November 25, 2014, and the word "initiated" implied that the criminal investigation was opened that date. The parties agreed that the criminal matter was assigned a case number on November 25, 2014, which was consistent with finding that a criminal investigation was "pending." On November 14, 2014, the District Attorney's Office forwarded a memorandum and evidence for investigation by the LAPD. The LAPD received evidence for the criminal case, and it was reasonable to infer that a criminal investigation would have commenced by November 24, 2014, in response to the memo.

Gaines had argued for the first time in his reply that a "tolling request" was required under the LAPD's "Professional Standards Bureau Tolling Provisions" and required to be approved by a supervisor, but the argument was not timely raised, and there was insufficient evidence that a request for tolling under the policy was persuasive evidence of the date that a criminal investigation began.

As a result of the trial court's finding concerning the date that tolling began, the administrative charges were brought within a total of 339 or 340 days after discovery of the misconduct, which was within the one-year limitations period. The trial court did not find merit to any of Gaines' remaining arguments. The petition was denied.

The trial court entered a judgment denying the petition on February 13, 2020. Gaines filed a timely notice of appeal.

7

# DISCUSSION

## Standard of Review

"Legal issues involving the interpretation of Government Code section 3304 are reviewed de novo.  [Citation.]  As to factual issues, 'we determine whether the record provides substantial evidence supporting the trial court's factual findings.  [Citation.] Applying the substantial evidence test on appeal, we may not reweigh the evidence, but consider that evidence in the light most favorable to the trial court, indulging in every reasonable inference in favor of the trial court's findings and resolving all conflicts in its favor.  [Citations.]" (*Richardson v. City and County of San Francisco Police Com.* (2013) 214 Cal.App.4th 671, 692.)

## Tolling

It is undisputed that administrative charges were brought against Gaines more than one year after the LAPD discovered misconduct, but that the one-year statute of limitations was tolled during the time that the criminal investigation was pending.  Gaines contends that as a matter of law, the criminal investigation was not pending until Thomas sent an intradepartmental correspondence requesting consolidation and tolling of the administrative matter.  We conclude substantial evidence supports the trial court's finding that the criminal investigation was opened and pending as of November 25, 2014,

8

when the case reference number was assigned to the criminal misconduct allegations.

Under section 3304, subdivision (d)(1), no punitive action may be taken against a public safety officer for any allegation of misconduct unless the investigation is completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation, subject to certain statutory exceptions.  (§ 3304, subd. (d)(1).)[3]

One exception is provided in section 3304, subdivision (d)(2)(A), as follows:  "If the act, omission, or other allegation of misconduct is also the subject of a criminal investigation or criminal prosecution, the time during which the criminal investigation or criminal prosecution is pending shall toll the one-year time period."  (§ 3304, subd. (d)(2)(A).)  "The act *requires* the tolling of the one-year statute of limitations while a criminal investigation is pending if the misconduct is the subject of that investigation.  [Citations.]"  (*Breslin v. City and County of San Francisco* (2007) 146 Cal.App.4th 1064, 1078.)

In *Richardson v. City and County of San Francisco Police Com.* (2013) 214 Cal.App.4th 671, the appellate court found substantial evidence supported a determination by the administrative agency and the trial court that the criminal investigation in that case was "pending" for purposes of section

---

[3] Section 3304, subdivision (d)(1), states in relevant part, "no punitive action . . . shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct."  (§ 3304, subd. (d)(1).)

9

3304, subdivision (d)(2)(A), as of the date that the police department's investigative division received a citizen's complaint from the management control division and opened a criminal investigation. (*Id.* at p. 674–675, 693–695.)

"A criminal investigation is no longer pending when a final determination not to prosecute and to close the criminal investigation is made. Interim decisions short of a final determination will not stop the tolling." (*Bacilio v. City of Los Angeles* (2018) 28 Cal.App.5th 717, 723–725.)

It is clear from the statutory language that the statute of limitations for bringing administrative charges is tolled during the time that a criminal investigation is "pending." The trial court's finding that the criminal investigation in this case was pending as of November 25, 2014, is supported by substantial evidence. The District Attorney's Office delivered a cover letter dated November 14, 2014, with materials alleging criminal misconduct against Gaines, which triggered the criminal investigation. It is undisputed that the complaint form number to address the allegations of criminal misconduct was assigned on November 25, 2014. Harris reviewed evidence that he received with the assignment and he conducted an interview for the investigation in December 2014, prior to the memorandum prepared by Thomas. The trial court's finding that the date a complaint form number is assigned to address criminal misconduct allegations is the date that the criminal investigation was opened and pending ensures a practical and workable standard for LAPD investigators to follow.

Gaines contends the date that the criminal investigation became "pending" and tolling of the administrative matter began, as a matter of law, was the date that Thomas requested

10

consolidation of the cases. We disagree. Thomas requested consolidation of two existing matters, which supports that the criminal investigation already existed. In fact, the investigator assigned to the criminal matter had already begun investigating the criminal misconduct allegations before Thomas sent the memorandum. Under the statutory provisions, the statute of limitations is automatically tolled while a criminal investigation is pending; no request to toll the administrative investigation is required. If a criminal investigation were opened and completed without a tolling memorandum, there would be no tolling of the statute of limitations for the administrative charges under Gaines' interpretation, which is clearly not the intent of the statute. We conclude substantial evidence supports the trial court's findings on the statute of limitations, and as a result, the charges against Gaines were timely.

## DISPOSITION

The judgment is affirmed. Respondents Charles Beck and the City of Los Angeles are awarded their costs on appeal.


MOOR, J.


We concur:


BAKER, Acting P.J.                    KIM, J.


11